**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1345**

LARRY L. KOGER,

        Plaintiff - Appellee,

    v.

NORFOLK SOUTHERN RAILWAY COMPANY,

        Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:08-cv-00909)

Submitted: December 10, 2010      Decided: January 3, 2011

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John H. Mahaney, II, J. Jarrod Jordan, HUDDLESTON BOLEN, LLP, Huntington, West Virginia, for Appellant. James L. Farina, Steven P. Garmisa, HOEY & FARINA, P.C., Chicago, Illinois, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Norfolk Southern Railway Company ("Norfolk Southern") appeals the district court's judgment and $3,431,026 award to Larry Koger, a former employee injured allegedly due to Norfolk Southern's negligence. Norfolk Southern argues that the district court erred in its instructions to the jury and erred by denying its motion for a new trial after Koger's attorney made allegedly improper remarks to the jury during closing arguments. We affirm.

## I. Jury Instructions

Koger, who sued Norfolk Southern under the Federal Employers Liability Act ("FELA"), was a Norfolk Southern train conductor who was injured when the locomotive he was riding in derailed while leaving a Norfolk Southern train yard in West Virginia. Prior to trial, the district court concluded that Norfolk Southern was negligent as a matter of law, but allowed Norfolk Southern to argue that Koger was contributorily negligent.

The court's "statement of the case" to the jury read as follows:

> Plaintiff Larry L. Koger claims damages under [FELA] for personal injuries alleged to have been suffered as a result of negligence by defendant Norfolk Southern Railway Company.

2

> Defendant Norfolk Southern Railway Company asserts that plaintiff Larry L. Koger was not injured as a result of any negligence by defendant.
>
> . . .
>
> Since a corporation can act only through its officers, or employees, or other agents, any negligent act or omission of an officer, or employee, or other agent of a corporation, in the performance of that person's duties, is held in law to be the negligence of the corporation.

Norfolk Southern claims that the jury could have misread the final paragraph to allow them to impute Koger's negligence, if any, back to Norfolk Southern. We do not agree.

In determining whether the district court erred in instructing the jury, we review the district court's jury instructions "in their entirety and as part of the whole trial and focus on whether the district court adequately instructed the jury regarding the elements" of the tort and the defendant's defenses. United States v. Wilson, 198 F.3d 467, 469 (4th Cir. 1999) (discussing criminal jury instructions) (citation omitted). On review, jury instructions must be viewed as a whole. Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir. 1995). We review the instructions given by a district court for abuse of discretion. United States v. Jeffers, 570 F.3d 557, 566 (4th Cir.), cert. denied, 130 S. Ct. 645 (2009).

Norfolk Southern claims that the court's instructions to the jury were incorrect as a matter of law, and highly prejudicial to its defense. They cite to pattern jury

3

instructions that would have included a caveat that the negligence of employees, other than the plaintiff, is to be imputed to the employer. Reviewing the jury instructions as a whole, though, we do not conclude that the court abused its discretion. In other instructions, the court gave detailed information to the jury related to calculating the respective fault of the parties and how those calculations affected their verdict. Accordingly, the court's instructions were not erroneous.

## II. Improper Closing Statement

Koger's theory of the case was apparently that Norfolk Southern's management employees falsified evidence and misrepresented certain findings to the court. After discussing this claim, in closing remarks, counsel for Koger told the jury that they should "send a message" to Norfolk Southern. Norfolk Southern objected before counsel could finish, and the court sustained the objection. Norfolk Southern moved, following the verdict, for a new trial in part based on this improper remark. The district court denied the motion.

We review a district court's denial of a motion for a new trial for abuse of discretion. See United States v. Fulcher, 250 F.3d 244, 249 (4th Cir. 2001). Norfolk Southern claims that Koger's statement that the jury must "send a

4

message" constituted a covert request for punitive damages, which are not available in FELA actions. Koger argues that his remarks were not improper, and that in any event, the district court sustained an objection to the remarks.

We have reviewed the record, and we conclude that the "send a message" comment was not a request for punitive damages, and the district court did not abuse its discretion in denying the motion for a new trial, especially in light of the fact that an objection to the comments was sustained.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED